UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JERMAINE DAVIS, )
)
    Plaintiff, )
)
v. ) No.: 15-2259-SEM-TSH
)
)
WEXFORD HEALTH SOURCES, )
*et al.*, )
)
    Defendants. )

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Jermaine Davis' claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its

face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

## II.
## ANALYSIS

Davis is an inmate within the Illinois Department of Corrections. Davis alleges that, while he was housed at the Lawrenceville Correctional Center in November 2010, a doctor at that facility diagnosed him as suffering from "slipped capital femoral epiphysis" in his hips. That doctor treated Davis' condition with pain medication, a knee sleeve, and a shoe lift.

Davis was transferred to the Hill Correctional Center ("Hill") in September 2011. The medical staff at Hill continued to treat Davis' hip, back, and knee pain with medication. In May 2014, Davis received an X-ray that indicated that his hip condition was worsening. Nevertheless, Defendant Dr. Kul Sood continued to treat Davis' pain with medication even though Dr. Sood knew that the treatment was ineffective.

Sometime in 2015, Davis was transferred to the Danville Correctional Center ("Danville"). There, Defendant Dr. Arthur Funk ordered another X-ray of Davis' hip. However, Dr. Funk has done

nothing else to help Davis' with his condition or his pain.  Davis also alleges that Defendant Mary Miller, Danville's Health Care Unit Administrator, has ignored his requests for medical attention.

Davis' Complaint states a claim for deliberate indifference against Dr. Sood, Dr. Funk, and Marry Miller.  "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(internal quotations and footnote omitted).  "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)).

Davis has alleged that Dr. Sood and Dr. Funk have provided such deficient care that it constitutes deliberate indifference.  Davis avers that he has constantly complained about his pain and the ineffectiveness of their treatment, but neither doctor has done anything to help.  As for Miller, Davis contends that she ignored his requests to see a medical provider even though she knew that Davis needed help.  These allegations are sufficient to state a claim upon

which relief can be granted against Dr. Sood, Dr. Funk, and Miller for being deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

Davis' Complaint fails to state a claim against the other named Defendants. As for Defendants Lois Lindorff, Warden Calloway, and Brittney Edward, Davis' Complaint contains no factual allegations against them. Davis simply identifies them, but his Complaint contains no allegations that they, in any way, violated his constitutional rights. Accordingly, they are dismissed as party Defendants.

Defendant Wexford Health Source ("Wexford") is also dismissed as a party Defendant. Davis alleges that Wexford is liable because it employs and supervises Dr. Sood and Dr. Funk.

Davis is incorrect as a matter of law. Wexford may only be held liable as Dr. Sood and Dr. Funk's employer if Wexford maintained an unconstitutional policy or practice that caused him to suffer a constitutional deprivation. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691-92 (1978). Davis has not alleged that Wexford maintained a policy or practice that caused him to

suffer a constitutional deprivation. As such, Davis has failed to state a claim against Wexford.

**IT IS, THEREFORE, ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim against Defendants Dr. Kul Sood, Dr. Arthur Funk, and Mary Miller for being deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. This case proceeds solely on the claim identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff's Complaint fails to state a claim against the remaining named Defendants, and they are dismissed as parties.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by mailing them a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under

the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

**It is further ORDERED:**

**a.     The Clerk is directed to show Plaintiff's motion to proceed in forma pauperis [3] as GRANTED and to calculate the amount of the initial filing fee that Plaintiff owes in this case. The agency having custody of Plaintiff is directed to forward the initial partial filing fee from Plaintiff's account to the Clerk of Court.  After payment of the initial partial filing fee (or immediately if no funds are available for that payment) the agency having custody of Plaintiff is directed to make monthly payments of 20 percent of the preceding month's income credited to Plaintiff`s account to the Clerk of Court.  The agency having custody of the plaintiff shall forward these payments each time Plaintiff`s account exceeds $10 until the filing fee is paid in full.  The Clerk is directed to mail a copy of this order to Plaintiff's place of confinement to the attention of the Trust Fund Office.**

b. The Clerk is directed to attempt service on Defendants Sood, Funk, and Miller pursuant to the Court's standard procedures.

d. The Clerk is directed to dismiss all other named Defendants because Plaintiff's Complaint fails to state a claim against them.

e. The Clerk is directed set an internal Court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

f. Lastly, it is ORDERED that, if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

Entered this 4th day of December, 2015

                                         s/ Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE